IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dean C. Plaskett, *a/k/a Dean Clifford Plaskett*,<br><br>    Petitioner,<br><br>        v.<br><br>Maureen Cruz, *Warden of FCI Williamsburg*,<br><br>    Respondent.<br>_____ | Case No. 8:14-cv-00773-MGL-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Respondent's motion to transfer and motion to dismiss. [Docs. 48; 50.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 7, 2014.[1] [Doc. 1.] On March 14, 2014, the undersigned filed a Report and Recommendation, recommending that

---

[1] This date reflects the date that the Petition was received by the Clerk of Court. The Court observes that the envelope containing the Petition has no stamp from the prison mailroom. Additionally, based on the return address and the postmark zip code, it appears that the Petition was not mailed from the prison. [Doc. 1-2.] Accordingly, Petitioner is not entitled to the holding in *Houston v. Lack*, which found that, to protect the rights of prisoners who have no control over the processing of papers delivered to prison officials for mailing, the filing date for statute of limitations purposes is deemed to be the date that the petition is delivered to the prison mail room. 487 U.S. 266, 270–72, 276 (1988); *see also Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in *Houston* does not apply where a pro se prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk.").

the Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return because Petitioner could not satisfy the test articulated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and, therefore, his available judicial remedy is to seek leave from the United States Court of Appeals for the Third Circuit to file a successive § 2255 motion. [Doc. 9.] Subsequently, the Honorable Mary G. Lewis Ordered additional briefing on the applicability of *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015),[2] to the Petition and informed Petitioner that the Petition would not be considered until final review of *United States v. Surratt*, No. 14-6851, was completed either by the full Court of Appeals for the Fourth Circuit or by the United States Supreme Court. [Docs. 20; 26; 28.] On April 26, 2017, following the Fourth Circuit's April 21, 2017, Order in *Surratt*, Judge Lewis remanded the case to the undersigned with directions to require Respondent to file a response to the Petition and for the case to be handled on an expedited basis. [Doc. 34.] On May 18, 2017, Respondent filed a motion to transfer and a motion to dismiss. [Docs. 48; 50.] Petitioner filed responses in opposition to the motions on May 24, 2017 [Docs. 57; 59], and a supplemental response on May 25, 2017 [Doc. 61].

Having reviewed the briefings filed by the parties in this case since the undersigned filed the initial Report and Recommendation, the undersigned finds no basis to change the initial recommendation.[3] Accordingly, the undersigned recommends that Defendant's motion

---

[2]*Surratt* was later vacated as moot by *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017).

[3]The substantive law of the Fourth Circuit Court of Appeals was not changed by *Surratt*. The original opinion in *Surratt* was vacated when the Fourth Circuit granted a rehearing en banc because pursuant to Fourth Circuit Local Rule 35(c), "[g]ranting of rehearing en banc

to dismiss be granted for the reasons set forth in the initial Report and Recommendation, which is incorporated by reference herein and attached hereto in the event Petitioner no longer maintains a copy of the Report and Recommendation.

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss be GRANTED, the Petition be DENIED, and the motion to transfer be DENIED.[4]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 13, 2017
Greenville, South Carolina

---

vacates the previous panel judgment and opinion." However, in lieu of issuing a merits-based decision following en banc argument, the Fourth Circuit held the issues presented in the case were moot because of President Obama's commutation of Surratt's sentence. *Surratt*, 855 F.3d 218. Accordingly, *Surratt* did not modify the § 2241 jurisprudence in this circuit, and *Jones* remains the controlling law with respect to whether a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention.

[4] Because the undersigned finds that Petitioner cannot satisfy the § 2255 savings clause and, therefore, Petitioner cannot challenge his federal conviction under § 2241, the undersigned cannot recommend a transfer of this case. Further, as Petitioner points out, 28 U.S.C. § 1404(d) provides that "[t]ransfers from a district court of the United States to . . . the District Court of the Virgin Islands shall not be permitted under this section."