

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| DEAN C. PLASKETTT<br>a/k/a Dean Clifford Plaskett<br>Petitioner,<br><br>vs.<br><br>MAUREEN CRUZ,<br>Warden of FCI Williamsburg,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 8:14-0773-MGL-JDA |

**ORDER REJECTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION TO TRANSFER,
AND DISMISSING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE**

Petitioner filed this as a 28 U.S.C. § 2241 action. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion to dismiss be granted, the petition be denied, and the motion to transfer be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 13, 2017, Petitioner filed his objections on July 24, 2017, Respondent filed a reply to the objections on July 31, 2017, and Petitioner filed a sur-reply to Respondent's reply on August 10, 2017. The matter is now ripe for the Court's consideration.

Although Petitioner was incarcerated in this district when he filed his petition, he is now under supervised release in the Virgin Islands. His supervising agent is also located there. He was convicted of the charges at issue in his § 2241 petition in the District Court of the Virgin Islands, a court of the Third Circuit.

"The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434-35 (*quoting* § 2242).

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id* at 495 (citation omitted) (internal quotation marks omitted).

A petitioner under supervised release is considered to be "in custody" for purposes of a § 2241 petition. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (holding a prisoner who had been placed on parole was still "in custody" under his unexpired sentence because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities.") The petitioner's custodian is the agent who is supervising him. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (stating the petitioner's parole agents were his custodians under the habeas corpus statute).

In this instance, Petitioner's supervised release agent is the proper respondent to his § 2241 petition in that she is the one who currently has custody over him.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (*quoting* 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id*. (*quoting Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id*. at 445. Consequently, the Court has jurisdiction over Petitioner's § 2241 habeas petition only if it has jurisdiction over Petitioner's custodian. Here, the Court lacks jurisdiction over Petitioner's current custodian, who is located in the Virgin Islands.

The Magistrate Judge erred in two respects in the Report. First, she suggests the Court dismiss this action. As explained above, however, binding authority counsels the Court it lacks habeas jurisdiction to entertain the petition.

Petitioner was convicted in the Third Circuit and he is currently under supervised release there. Thus, Third Circuit, not Fourth Circuit, law controls both questions concerning the validity of his conviction and whether he is entitled to habeas relief. As such, the District Court of the Virgin Islands is in a better position to apply Third Circuit law than is this Court. More importantly, though, Petitioner's custodian's absence from the territorial jurisdiction of this Court is fatal to its jurisdiction to consider the merits of Petitioner's petition.

But, even if this Court were to assess the petition and then grant the relief Petitioner seeks, Respondent lacks the ability to fulfill an order by this Court granting the petition. This is so because Petitioner is no longer in Respondent's custody. That is why Petitioner's § 2241 petition must be transferred: so it can be presented to his immediate custodian in the Virgin Islands.

The Magistrate Judge's second error was in adopting Petitioner's reliance on 28 U.S.C. § 1404(d) for the proposition transferring this case is forbidden. It is not.

The Magistrate Judge states in the Report, "as Petitioner points out, 28 U.S.C. § 1404(d) provides '[t]ransfers from a district court of the United States to the District Court of the Virgin Islands shall not be permitted under this section.'" Report 3 n.4. (internal quotation marks omitted) (alterations omitted).

But § 1401 is a change of venue statute. It concerns a transfer "[f]or the convenience of parties and witnesses" 28 U.S.C. § 1404(a). Here, the case must be transferred because Petitioner's current custodian is outside the jurisdiction of this Court. The convenience of the parties and witnesses issue is not before the Court.

Further, § 1401(a) allows the case to be transferred only to a district court in which the case could "have been brought" at the time it was filed "or to any district or division to which all

4

parties have consented." *Id*. Neither of those circumstances is present here. Consequently, the portion of § 1404 disallowing a transfer to the District Court of the Virgin Islands is of no moment to this case.

Controlling law, judicial economy, and the interests of justice call for this action to be transferred. Hence, the Court will reject the Report and transfer the case to the District Court for the Virgin Islands.

Inasmuch as Petitioner's objections go to the merits of his Petition, the Court will overrule them for purposes of this Order. Nevertheless, he can raise them again with the District Court of the Virgin Islands if he wishes to do so.

The Court notes if it were to consider the merits of this petition, it would dismiss it. But, as already noted, the Virgin Islands court can better make a merits-based determination as to the petition than can this Court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections and rejects the Report.

It is the judgment of the Court Respondent's motion to dismiss is **DISMISSED WITHOUT PREJUDICE** and the motion to transfer is **GRANTED**. Therefore, this case shall be transferred to District Court of the Virgin Islands for further proceedings.

To the extent Petitioner requests a certificate of appealability from this Court, that Certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of October, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.