DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| **Dean C. Plaskett,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**Maureen Cruz, Warden of FCI**<br>**Williamsburg, Probation Office** )<br>**of the district Court of the** )<br>**Virgin Islands,** )<br>)<br>Respondent. ) | Civil No. 2017-67 |

**ATTORNEYS:**

**Dean C. Plaskett**
St. Croix, VI.
    *Pro se,*

**Rebecca Lauren Moses**
U.S. Department of Justice
Washington, DC 20005
    *For Maureen Cruz,*

**Robert F Daley, Jr**
US Attorney's Office
Columbia, SC 29201
    *For Maureen Cruz.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Dean C. Plaskett's habeas petition under 28 U.S.C. § 2241.

# I.   FACTUAL AND PROCEDURAL HISTORY

Dean Plaskett ("Plaskett") was convicted of bribery and obstruction of justice under 18 U.S.C. § 666(a)(1)(B) and 18 U.S.C. § 1512(c)(2), respectively. He was sentenced to 108 months of imprisonment, 3 years of supervised release, a personal money judgment of $1,086,237, and a special assessment of $300. Plaskett's conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit. *See United States v. Plaskett*, 355 Fed. App'x 639 (3d Cir. 2009). The Supreme Court denied certiorari[1].

On July 29, 2010, Plaskett filed a 28 U.S.C. § 2255 motion based on alleged ineffective assistance of counsel. This Court denied Plaskett's § 2255 motion. Plaskett then moved the Third Circuit for a certificate of appealability. The Third Circuit denied that motion.

On March 11, 2014, Plaskett filed the instant 28 U.S.C. § 2241 motion ("Section 2241 motion") for alleged Sixth Amendment violations in the United States District Court for the District of South Carolina. When Plaskett filed his Section 2241 motion he was being held at the Williamsburg Federal Correctional Institute ("WFCI") in South Carolina. The Warden of WFCI, Maureen Cruz, moved to transfer this matter to the

---

[1] *See Plaskett v. United States*, 560 U.S. 954 (2010).

District Court of the Virgin Islands. The South Carolina District Court granted the motion to transfer, reasoning that it lacked jurisdiction over Plaskett's petition. Currently, Plaskett is on supervised release living in the Virgin Islands.

On November 6, 2018, the Magistrate Judge filed a Report and Recommendation recommending that the Court deny Plaskett's Section 2241 motion. On November 21, 2018, Plaskett filed an objection to the Magistrate Judge's Report and Recommendation.

## II.  DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812

F.2d 874, 878 (3d Cir. 1987) ("While ... [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

### III. ANALYSIS

The Magistrate Judge filed her Report and Recommendation on November 6, 2018. Because Plaskett is a *pro se* party and not a Filing User of the Court's Electronic Filing System,[2] the Clerk of Court served the Magistrate Judge's Report and Recommendation on Plaskett by certified mail on November 7, 2018. Thus, any objection to the Report and Recommendation was due November 21,

---

[2] *See* LRCi 5.4(b)(2) ("If the Court permits, a party to a pending civil action who is eligible to proceed *pro se may* register as a Filing User in the Electronic Filing System solely for purposes of the action in a form prescribed by the Clerk." (emphasis added))

2018. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address-in which event service is complete upon mailing."); Fed. R. Civ. P. 72(b)(2) (providing that objections to report and recommendations must be filed "[w]ithin 14 days after being served with a copy of the recommended disposition"). Plaskett timely filed his objections to the Report and Recommendation on November 21, 2018. Because Plaskett's objection was timely, the Court will review the objected to portions of the Magistrate Judge's Report and Recommendation *de novo*, and the unobjected-to portions of the Report and Recommendation for plain error.

Plaskett makes three arguments in his objection to the Magistrates Judge's Report and Recommendation. First, Plaskett argues that the Magistrate Judge erred by finding that "Petitioner fails to point to a new Supreme Court case that addressed the section of the VMPA [Victim and Witness Protection Act of 1982] under which he was convicted." ECF No. 73 at 2.

The Magistrate Judge "disagree[d] that there has been an intervening change in the law since [Plaskett's] 2009 conviction." ECF No. 72 at 9. Plaskett relies on *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005), a case decided four years before his conviction, *United States v. Shavers*, 693 F.3d 363 (3d Cir. 2012), and *United Sates v. Tyler*, 732 F.3d 241 (3d

Cir. 2013). These cases fail to establish an intervening Supreme Court case as required by Section 2441.

First, *Arthur Andersen* was decided before Plaskett's conviction. Second, changes to Third Circuit law do not amount to an intervening Supreme Court case. Moreover, the Third Circuit cases cited by Plaskett are not Third Circuit cases that interpret an intervening Supreme Court decision. Rather, Plaskett has pointed to cases addressing different sections of the VWPA that are not applicable here.

Second, Plaskett argues that the Magistrate Judge "erroneously disregard[ed] Petitioner's 'freestanding' claim of actual innocence." ECF No. 73 at 2. However, Plaskett's argument that he is actually innocent is predicated on his interpretation of Supreme Court precedent. In his petition, Plaskett argues that, "[i]n light of intervening Supreme Court decisions and Third Circuit Court of Appeal precedents construing the Supreme Court decisions . . . , Petitioner is actually innocent." ECF No. 1-1 at 7. As discussed above, the cases Plaskett relies on do not amount to an intervening change of law. Thus, the Court need not reach Plaskett's argument that his bribery conviction was tainted by the evidence offered in support of his obstruction conviction.

Finally, Plaskett argues that the Court's jury instructions

were erroneous. Plaskett argues that "[p]roperly instructed, the jury would have been required to find beyond a reasonable doubt that at the time of each alleged obstructive act Petitioner contemplated obstructing an identifiable particular official proceeding." *Id.* at 9. This argument is simply a rehashing of Plaskett's earlier argument that his conduct is not criminal. Plaskett admits as much when he argues that "[b]ecause the jury was not correctly instructed, it convicted Petitioner for conduct that is not unlawful." *Id.* As stated above, Plaskett has failed to demonstrate a Supreme Court case on point that decriminalizes the conduct for which Plaskett was convicted.

Having considered Plaskett's objections *de novo*, the Court will adopt the Magistrate's report and recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 72 is **ADOPTED**; it is further

**ORDERED** that Plaskett's motion to expedite docketed at ECF Number 71 is **MOOT**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

**Curtis V. Gómez**
**District Judge**

*Plaskett v. Cruz*
Civil No. 2017-67
Order
Page 8