DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **DEAN C. PLASKETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:17-cv-0067 |
| | ) |
| **MAUREEN CRUZ, Warden of FCI** | ) |
| **WILLIAMSBURG, PROBATION OFFICE OF** | ) |
| **THE DISTRICT COURT OF THE VIRGIN** | ) |
| **ISLANDS,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Petitioner Dean C. Plaskett's ("Plaskett") motion to reconsider, filed August 19, 2020 at ECF No. 77. For the reasons set forth below, Plaskett's motion will be granted in part, but will receive relief different from what he seeks.

On September 30, 2019, the Court issued an Order adopting the Report and Recommendation of the Magistrate Judge denying Plaskett's habeas petition filed pursuant to 28 U.S.C. § 2241. (ECF No. 75.) On August 19, 2020, Plaskett, pro se, filed a motion to reconsider the Court's September 30, 2019 Order contending that he was never served with a copy of the Order. (ECF No. 77, at 1) (arguing that because he "is a pro se party and not a Filing User of the Court's Electronic Filing System, the clerk is required to serve the Order on the petitioner by certified mail."). As a consequence, Plaskett argues that he "was denied the opportunity to appeal its holding." *Id.* Plaskett therefore requests that "the Order should be discarded and the matter reconsidered de novo, thereby giving the Petitioner an opportunity, if necessary, to exhaust all procedural avenues available to him." *Id.* at 2.

"A party may file a motion asking the Court to reconsider its order or decision… based on: 1. Intervening change in controlling law; 2. Availability of new evidence, or; 3. The need to correct clear error or prevent manifest injustice." LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Haynes*, 2020 WL 4043497, at *2 (D.V.I. July 16, 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Here, "manifest injustice generally means

*Plaskett v. Cruz, et al.*
Case No. 3:17-cr-0067
Order
Page 2 of 2

that the Court overlooked some dispositive factual or legal matter that was presented to it." *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (internal quotations omitted). Manifest injustice is further defined as "an error in the trial court that is direct, obvious, and observable." *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (internal citations omitted). Ultimately, "most case[s] . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

Here, there is no evidence on the docket to indicate that Plaskett was served with the Court's September 19, 2019 Order. Because the Court is required to provide mailed copies of filings to *pro se* plaintiffs, especially *pro se* prisoner plaintiffs, the failure to serve Plaskett is thereby "an error in the trial court that is direct, obvious, and observable." *Wells*, 371 F.2d at 348. However, this error does not warrant the relief Plaskett seeks. The Court finds no error with the September 19, 2019 Order itself, only with the failure to properly serve it upon Plaskett. Therefore, the Court will amend the entry date of the September 19, 2019 Order to today's date, *nunc pro tunc*, which will afford Plaskett the recourse he alleges he was deprived of – "the opportunity to appeal its holding." ECF No. 77, at 1.

The premises considered, it is hereby

**ORDERED** that Plaskett's motion to reconsider, ECF No. 77, is **GRANTED IN PART.** It is further

**ORDERED** that the Court's September 30, 2019 Order, ECF No. 75, is **AMENDED** *nunc pro tunc* to have been entered on today's date, September 20, 2021; it is further

**ORDERED** that a copy of this order be served on Plaskett by the Clerk of Court via certified mail, with the return receipt to be filed on the docket; it is further

**ORDERED** that Plaskett's time-sensitive rights and remedies, only as they apply to ECF No. 75, shall commence from the date of entry of this Order.

**DATED:** September 20, 2021                  */s/ Robert A. Molloy*
                                                                                  **ROBERT A. MOLLOY**
                                                                                  **CHIEF JUDGE**